FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**August 31, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

_____

EDWARD ALLEN,

     Plaintiff - Appellant,

v.

WARDEN FALK, Sterling Correctional
Facility,

     Defendant - Appellee.

No. 15-1071
(D.C. No. 1:14-CV-01176-RBJ-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **MATHESON**, and **PHILLIPS**, Circuit Judges.
_____

Plaintiff Edward Allen Clutts[1] is a current inmate of the Colorado Department

of Corrections ("CDOC"). Allen filed a civil lawsuit in which he named as

defendants individual parole board members, the Colorado Sex Offender

Management Board ("SOMB"), and James Falk, the former Warden of the Sterling

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Throughout this litigation, the plaintiff has been referred to alternatively as
Edward Clutts, Edward Allen, and Edward Allen Clutts. For the purposes of this
order, we will refer to him hereinafter as Allen.

Correctional Facility ("Sterling"), alleging three constitutional violations. The district court dismissed Allen's claims in their entirety but—on motion for rehearing—reinstated the Eighth Amendment claim against Warden Falk. This claim alleged that—to punish Allen for refusing to participate in sex-offender treatment—Warden Falk subjected Allen to beatings by fellow prisoners and housed him with gang members.

The district court referred Allen's reinstated Eighth Amendment claim against Warden Falk to a magistrate judge, who determined that all but one of the supporting incidents Allen relied upon were barred by the statute of limitations. The magistrate also determined that Allen's claim regarding the sole incident not barred by the statute of limitations was unexhausted. Despite these determinations, however, the magistrate judge still proceeded to address Allen's entire Eighth Amendment claim (comprising all of the complained of incidents) on the merits and concluded that—even without the statute of limitations and exhaustion issues—Allen had failed to show a claim for deliberate indifference to an objectively serious risk to his safety. Since Warden Falk was no longer working at Sterling, the magistrate also determined that he could not be subjected to the injunction requested by Allen. The district court adopted this recommendation and dismissed Allen's sole surviving claim. Allen now appeals and also seeks to re-raise claims and proceed against parties previously dismissed. Exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM.

BACKGROUND

*A.  Factual Background*

In July 2004 Allen was sentenced to three concurrent terms of ten years to life imprisonment for sexually assaulting a child while in a position of trust. At sentencing, the state court concluded that it lacked authority to order Allen to undergo sex-offender treatment. Once incarcerated, sometime about August 15, 2004, Allen alleges that his case manager told him that he was recommending that Allen enter the sex-offender treatment program, and that if Allen did not cooperate he would be moved to a place where "things can be done." In 2005 a representative at the sex-offender program sent Allen a form requiring him to confess to the sex crime for which he had been convicted. Allen refused to sign and was deemed non-compliant with sex-offender treatment.

Allen contends that over the ten years since this incident he has been repeatedly placed with security-threat-group ("STG") prisoners who have threatened, beaten, and attempted to kill him. By the time Allen arrived at Sterling on July 31, 2009, he had already filed a civil case about the violence he had experienced at previous facilities. As part of this previous case, Allen had told a magistrate judge at a hearing that he continued to live under threat of violence at Sterling. After this hearing, Warden Falk moved Allen to a new living unit.

In his new living unit, Allen contends the violence continued. First, he alleges that his cellmate told him that other inmates would beat the cellmate if he stayed in a cell with Allen without fighting him. The prison moved that inmate to another cell,

3

and Allen was assigned a new cellmate named Zamora—who Allen says had gang affiliations. Although Allen repeatedly complained about Zamora, he says that guards refused to move either him or Zamora, which allowed Zamora to physically assault him in their cell. Allen also alleges two additional incidents of violence: (1) on August 12, 2011, inmate Edward Douglas snuck up behind Allen with a lock in a sock and beat Allen; and (2) on April 25, 2012, an inmate Allen identifies as having the last name Windschel attacked Allen in the "gang pod" where Allen was being held.

Allen asserts that in his time at Sterling he suffered scars on his face, a broken rib, and a lost tooth. Despite this, however, Allen states that the Colorado Attorney General's Office refused to do anything about the continued threats of violence. Allen also contends that Warden Falk purposefully housed Allen with STG prisoners, and that it is common knowledge that STG prisoners beat, attack, and kill sex offenders.

### B.  *Procedural Background*

Allen initiated his present action by filing a pro se complaint seeking relief under 28 U.S.C. § 1343 and 42 U.S.C. § 1983. After a magistrate judge determined that Allen's complaint was deficient under Rule 8 of the Federal Rules of Civil Procedure for failing to allege the personal participation of each named defendant in the deprivation of Allen's rights, Allen filed an amended complaint. This amended complaint asserted three claims for relief: (1) that Allen had twice been denied parole by the Colorado Parole Board, in violation of his Fifth, Eighth, and Fourteenth

Amendment rights because the Colorado Sex Offender Management Board

("SOMB") had deemed him non-compliant with the CDOC's sex-offender treatment

program for refusing to admit guilt to a sex offense; (2) that unidentified prison

officials had retaliated against him in violation of the Constitution by denying him a

higher paying job because of his refusal to admit a sex offense; and (3) that Warden

Falk had acted with deliberate indifference to Allen's safety by intentionally placing

him in a living unit with STG inmates who assaulted him because he is a sex

offender.

The district court initially dismissed all three claims, but eventually reinstated

the third one. Relevant to us here, it dismissed Allen's first claim for three reasons:

(1) Allen's request for release on parole is not cognizable in a civil rights action

under 42 U.S.C. § 1983, but must instead be raised in an application for habeas

corpus under 28 U.S.C. § 2241; (2) Allen could not seek damages in a § 1983 action

based on the denial of his parole because a ruling in his favor would necessarily

imply the invalidity of the Parole Board's decision in contravention of *Heck v.

Humphrey*, 512 U.S. 477 (1994); and (3) Allen's claim could not proceed against

SOMB because, as an entity of the State of Colorado, SOMB is entitled to Eleventh

Amendment immunity absent a waiver.

Allen does not appear to renew his second claim before us, and the district

court's analysis of the third claim is irrelevant because the court ultimately reinstated

this claim on a motion for reconsideration. After this motion, a magistrate judge

heard Warden Falk's dispositive motions against Allen's third claim. The magistrate

judge recommended that Allen's claim against Warden Falk be dismissed for four reasons: (1) the statute of limitations barred all claims except the incident on April 25, 2012; (2) for the incident on April 25, 2012, Allen had failed to exhaust his administrative remedies as required by the PLRA; (3) even if the PLRA and the statute of limitations did not bar Allen's claim, Warden Falk had Eleventh Amendment immunity against official-capacity claims; and (4) Allen's claim did not show an injury cognizable under the Eighth Amendment. Under de novo review, the district court fully adopted the magistrate's recommendation.

Allen now appeals the district court's order, and also appears to appeal the district court's dismissal of one of his two previous claims. We interpret Allen's appellate brief as making three claims before this court:[2] (1) that Allen had twice been denied parole by the Colorado Parole Board, in violation of his Fifth, Eighth, and Fourteenth Amendment rights because the SOMB had deemed him non-compliant with the CDOC's sex-offender-treatment program because he refused to admit guilt to a sex offense; (2) that requiring Allen to admit having committed a sex offense as part of his sex-offender treatment violates his Fifth Amendment rights; and (3) that Warden Falk acted with deliberate indifference to Allen's safety by intentionally placing him in a living unit with STG inmates who assaulted him because he is a sex offender.

---

[2] Allen's brief does not make precisely clear the exact bases for his appeal or exactly what he is appealing. But because he is a pro se plaintiff we liberally construe his pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

DISCUSSION

*A. Denial of Parole*

As noted above, Allen's first claim before the district court—which was dismissed previously—alleged that Allen had twice been denied parole by the Colorado Parole Board, in violation of his Fifth, Eighth, and Fourteenth Amendment rights because the SOMB had deemed him non-compliant with the CDOC's sex-offender-treatment program for refusing to admit guilt to a sex offense. Allen's brief before this court appears to renew at least part of this claim, asking for relief in the form of an "[o]rder [to] the Parole-board to release the plaintiff to parole." Before this court, it does not appear that Allen requests compensatory damages as he did before the district court.

We believe the district court correctly dismissed this claim because it is not cognizable in a civil rights action under 42 U.S.C. § 1983. If Allen desires to attack the "fact or duration of his confinement," he cannot do so in a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 489–90 (1973). Rather, he must—in a separate proceeding—file an application for habeas corpus under 28 U.S.C. § 2241 and allege that the execution of his sentence violates federal law. *See Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005). We affirm the district court's dismissal of Allen's first claim.

*B. Requirement to Admit a Sex Offense*

Allen's second claim—which it appears the district court considered in dismissing his first claim for relief in his initial complaint—attacks the SOMB's

7

requirement that he admit guilt to a sex offense as part of his completing sex-offender treatment. The district court dismissed this claim because it found that, as an entity of the state, SOMB has Eleventh Amendment immunity absent a waiver. When Allen claimed in his motion for reconsideration that he was seeking to sue the SOMB members in their individual capacities, the district court additionally determined that the defendants had not violated Allen's Fifth Amendment rights by requiring that he admit guilt to a sex offense because this requirement served a legitimate penological interest.

We believe both of these rationales have merit, but we address only the second one because it would hold true regardless of whether Allen's claim was against SOMB officials in their individual or official capacities. We agree that Allen cannot allege a violation of his Fifth Amendment rights on these facts. First, we note that the Supreme Court has held that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). And, second, in *Doe v. Heil*, 533 F. App'x 831 (10th Cir. 2013) (unpublished), a case challenging Colorado's prison regulations that required full disclosure of sexual history as part of a sex-offender-treatment program, we concluded that Colorado furthered its legitimate penological interest in rehabilitating sex offenders "by requiring them, without regard to their Fifth Amendment stake in avoiding self-incrimination, to submit to a polygraph and admit their full sexual history." *Id.* at 839–840. Allen provides us with no basis to vary from this holding.

### C. Eighth Amendment Claim Against Warden Falk

Allen's final claim is that Warden Falk acted with deliberate indifference to

Allen's safety by intentionally placing him in a living unit with STG inmates who

assaulted him because he is a sex offender. Before we can reach any of the arguments

Allen makes on the merits regarding this claim, however, we have an independent

duty to confront the issue of our own jurisdiction. *Amazon, Inc. v. Dirt Camp, Inc.*,

273 F.3d 1271, 1274 (10th Cir. 2001). Here, we perceive two jurisdictional questions

based on the parties' briefs and the judgments below: (1) whether Allen timely filed a

Notice of Appeal and (2) whether Allen administratively exhausted his claim under

the PLRA. We will consider each of these arguments in turn.[3]

One prerequisite to our appellate jurisdiction is the timely filing of a Notice of

Appeal. *United States v. Cebballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004).

Here, Allen needed to deposit his Notice of Appeal in the prison mail system within

thirty days after the entry of judgment. *See* Fed. R. App. P. 4. Warden Falk

challenges Allen's timeliness, pointing out that the district court issued its Order and

Judgment on January 12, 2015. He claims this means that Allen needed to deposit his

Notice of Appeal in the prison mail system by February 11, 2015. Allen's Notice of

Appeal is dated February 24, 2015 and was filed on March 2, 2015.

---

[3] Our decision to address these specific jurisdictional issues should not be read
to suggest that the other threshold concerns raised by Warden Falk do not have merit.
Given our "leeway 'to choose among threshold grounds for denying audience to a
case on the merits,'" we simply choose to consider only these particular jurisdictional
questions, which are sufficient to fully dispose of this claim. *Sinochem Intern. Co. v.
Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas AG v.
Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).

We conclude that Allen filed a timely Notice of Appeal. As Warden Falk notes, the district court entered judgment on January 12, 2015. But Warden Falk fails to acknowledge that Allen filed a motion for rehearing on February 2, 2015. Under Fed. R. App. P. 4(a)(4)(iv), the thirty-day clock for Allen to file his Notice of Appeal did not begin to run until the court ruled on Allen's motion. The court ruled on Allen's motion for rehearing on February 4. Allen's Notice of Appeal was dated February 24 and filed on March 2, well within this thirty-day limit.

But on the second jurisdictional issue, Allen does not fare so well. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2012). The PLRA requires dismissal where a litigant has failed to exhaust before suing. *See Fitzgerald v. Corrections Corp. of Am.*, 403 F.3d 1134, 1140–41 (10th Cir. 2005). In its regulations, the CDOC has a multi-step grievance process that includes a written informal grievance followed by a formal three-step written grievance procedure, *see* Colorado Department Of Corrections, Administrative Regulation 850-4 (2015) (hereinafter "AR 850-4"), and we require that an inmate must appeal through all available channels to exhaust administrative remedies. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). There is, however, an exception to the exhaustion requirement when an inmate is prohibited from filing a grievance. *See id*. On two grounds, Allen claims that he has satisfied his exhaustion requirements.

10

First, before both the district court and this court, Allen asserts that he did in fact file grievances. But as the magistrate noted, Allen appears to rely on grievances filed years before the incidents he now complains about. These stale grievances cannot serve to exhaust his remedies for later incidents.

Second, Allen claims that he attempted to file grievances but was kept from doing so. Again, however, the magistrate correctly notes a fatal flaw in this argument: Colorado's administrative regulation requires that inmates must file their first grievance "within 30 days of the discovery of the issue or complaint. . . ." AR 850-4. This means that, at latest, Allen needed to file a grievance for the last of his identified incidents by May 25, 2012. Based on our reading of the record, the only time Allen claims he attempted to file a grievance and was denied this right was on March 19, 2014, nearly two years after he needed to do so.

For these reasons, we agree that Allen has not exhausted his administrative remedies regarding his Eighth Amendment Claim against Warden Falk. We therefore lack jurisdiction under the PLRA to consider this claim.[4]

Leave to Proceed *in Forma Pauperis*

Allen also petitions this court to grant him pauper status. Under 28 U.S.C. § 1915, any court of the United States may grant pauper status to "allow indigent persons to prosecute, defend or appeal suits without prepayment of costs." *Coppedge*

---

[4] Although concluding it lacked jurisdiction under the PLRA, the magistrate court still considered the merits of Allen's Eighth Amendment claim to explain why the claim should be dismissed if it indeed had jurisdiction. While we agree with the magistrate's analysis, we decline to further consider the merits of Allen's claim given our finding that we lack jurisdiction to consider the claim under the PLRA.

11

*v. United States*, 369 U.S. 438, 441 (1962). Here, under 28 U.S.C. § 1915(a)(3), the district court certified that any appeal would not be taken in good faith and denied Allen's motion to proceed *in forma pauperis* on appeal. In light of that action, we will only grant pauper status if we conclude that the appeal contains a non-frivolous argument. *See Rolland v. Primesource Staffing*, *L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

Turning to Allen's motion, we believe that this appeal is not taken in good faith and that Allen has failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. We remind Allen that he must pay the filing and docket fees in full to the clerk of the district court.

Entered for the Court

Gregory A. Phillips
Circuit Judge